UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAXINE BROWN, a single person,

Plaintiff,

v.

STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES,

Defendant.

Case No. C05-5635 FDB

ORDER DENYING PLAINTIFF'S MOTIONS TO EXCLUDE DEFENSE EXPERT WITNESSES

This matter comes before the Court on motions of Plaintiff Maxine Brown to exclude the testimony of Defendant State of Washington Department of Social and Health Services' expert witnesses Dr. Brian Grant and Mary Korte. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby denies the motions.

**Dr. Brian L. Grant**

Defendant seeks to exclude the testimony of Dr. Grant for failure to disclose pursuant to Fed. R. Civ. P. 26(a)(2)(B). Rule 26(a)(2) requires parties to disclose the identity of any person who may present expert testimony at trial pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence. Except as directed by the court, with respect to a witness who is retained or specially employed to provide expert testimony, Rule 26(a)(2)(B) requires that parties provide, along with their Rule 26(a)(2)(A) disclosure, a written report prepared and signed by the witness. The report

ORDER - 1

shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ. P. 26(a)(2)(B). These disclosures shall be made at the times and in the sequence directed by the court. Fed. R. Civ. P. 26(a)(2)(C). Should a party fail to disclose information as required by Rule 26(a), Rule 37(c)(1) prohibits the use at trial of the information that was not properly disclosed. Fed. R. Civ. P. 37(c)(1). The district court is given a wide latitude of discretion to issue sanctions under Rule 37(c)(1). Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). However, evidence preclusion may be evaded where the party facing sanctions proves that its failure to comply with Rule 26(a) was "substantially justified" or "harmless." Id.

Here, it is contended that Defendant never disclosed Dr. Grant pursuant to Rule 26(a)(2)(B). Plaintiff asserts the lack of production of (1) a signed written report by Dr. Grant, (2) the qualifications of Dr. Grant, (3) list of publications, (4) compensation to be paid Dr. Grant, and (5) list of other cases in which Dr. Grant provided testimony as an expert.

Plaintiffs motion is not well taken. Defendant points out that in its Initial Disclosures, filed long before discovery closed, it identified Dr. Grant as an expert witness. This disclosure provided Dr. Grant's curriculum vitae, list of publications, rate of compensation, and record of prior expert testimony. The initial disclosure further provided a list of documents Dr. Grant was provided for review, and a brief statement of nature of his review. On May 18, 2006, Dr Grant completed an independent medical examination of Plaintiff and prepared a written report that was forwarded to Plaintiff on June 2, 2006; also well in advance of the July 10, 2006 deadline for expert disclosure. Inadvertently, the report forwarded to Plaintiff was without Dr. Grants's signature. When Plaintiff

ORDER - 2

pointed out this discrepancy, after the deadline for expert disclosure, Defendant's forwarded a signed copy of the exact same report to Plaintiff.

The Court finds that any violation(s) of Fed. R. Civ. P. 26(a)(2)(B) was harmless. Additionally, Fed. R. Civ. P. 26(e)(1)(a) allows for the supplementation of disclosure if a party learns that in some material respect the information disclosed is incomplete or incorrect. The lack of the required signature can be corrected by supplementation. Plaintiff's motion to exclude the testimony of Dr. Grant will be denied.

**Mary Korte**

Plaintiff seeks to exclude the testimony of Mary Korte on the basis the Fed. R. Civ. P. 26(a)(2)(B) disclosures were inadequate and she lacks the qualifications to provide expert testimony and her proposed testimony contains legal conclusions.

Plaintiff's motion is not well taken. Plaintiff identified Ms. Korte as an expert in its initial disclosures. This disclosure provided Ms. Korte's curriculum vitae, rate of compensation, and noted Ms. Korte had not previously testified as an expert. The initial disclosure further provided a list of documents Ms. Korte was provided for review, and a brief statement of nature of her review. Her written report was provided to Plaintiff prior to the cutoff date. The disclosure complies with Rule 26(a)(2)(B).

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony at trial. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert ... may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. In assessing whether an expert has the appropriate qualifications, the court considers whether the expert has some special knowledge, skill, experience, training, or education on the subject matter. Id.; United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000).

Plaintiff's discrimination claims concern Family Rehabilitative Services and Family

ORDER - 3

Preservation Services (FRS/FPS) and how Plaintiff as an independent contractor providing FPS and counseling services she was treated by the Department of Social and Health Services (DSHS). Defendant has identified Ms. Korte as an expert regarding FRS/FPS services. Ms. Korte has a Masters in Social Work and is the Director of Working Choices, a private company providing FRS/FPS services. Ms. Korte has twenty years of experience in providing FRS/FPS services through contracting with DSHS and other various governmental agencies. Ms. Korte's proffered testimony addresses the nature of independent contracting services with DSHS and her opinions are based on a review of the records addressing Plaintiff's service contracts with DSHS.

The Court finds that Ms. Korte has the expertise through her specialized knowledge to help the court to understand the evidence concerning independent contract providers of FRS/FPS services and the relationship between DSHS and Maxine Brown. Ms. Korte is not identified as an expert on discrimination and may not testify as such. She may however, testify as to the nature of the contractual relationship in providing services for DSHS and how Plaintiff's relationship and treatment compares to others similarly situated.

Concerns regarding testimony to ultimate legal conclusions may be addressed at a later date in motions in limine. Concerns as to the potential of bias may be brought out in cross examination.

ACCORDINGLY, IT IS ORDERED:

(1) Plaintiff's Motion to Exclude Defense Expert Witness Dr. Brian Grant [Dkt #18] is **DENIED**.

(2) Plaintiff's Motion to Exclude Defense Expert Witness Mary Korte [Dkt #20] is **DENIED**.

DATED this 2th day of October, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4